ORDER (Denying Transfer)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether to grant the plaintiffs request to transfer a foreign divorce action. The Court denies transfer since it lacks the capacity to perform modifications to integrated child support provisions. The analysis of the Court follows below.
PROCEDURAL HISTORY
The plaintiff, Claire R. Billie, by and through Attorney Paul Stenzel, initiated the current action by filing the Complaint for Transfer of Jurisdiction (hereinafter Complaint) with the Court on June 11, 2010. An unauthenticated copy of a foreign judgment accompanied the Complaint. See Fed.R.Evid. 902(4).[1] Consequently, the Court issued a Summons accompanied by the above-mentioned pleading, and delivered the documente by certified mail to the defendant, Patrick Collins. See HCN R. Civ. P. 5(C)(1)(e). One Collee Collins affixed his/her signature to the Domestic Return Receipt.
The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The Summons also cautioned the defendant that a default judgment could result from failure to file within the prescribed time period. See HCN R. Civ. P. 54(A). The defendant, however, failed to answer prior to the expiration of such timeframe.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. VII—Judiciary
Sec. 7. Powers of the Supreme Court.
b. The Supreme Court shall have the power to establish written rules for the Judiciary, including qualifications to practice before the Ho-Chunk courts, provided such rules are consistent with the laws of the Ho-Chunk Nation.
*266 HO-CHUNK NATION JUDICIARY ESTABLISHMENT <& ORGANIZATION ACT, 1 HCC § 1
Subsec. 5. Rules and Procedures.
c. The Judiciary shall have exclusive authority and responsibility to employ personnel and establish written rules and procedures governing the use and operation of the Courts.
d. All matters shall be tried in accordance with the Ho-Chunk Rules of Procedures and Ho-Chunk Rules of Evidence which shall be written and published by the Supreme Court and made available to the public.
TRIBAL ENROLLMENT AND MEMBERSHIP CODE, 2 HCC § 7
Subsec. S. Definitions. For purposes of this Code, these words have the following definitions and will be identified throughout this document by capitalization:
dd. “Sponsor” means a parent of a minor person under the age of eighteen (18) or legal guardian of a person who has a legal duty to file an Application for Membership or appeal on behalf of a person who is a minor, deceased, incompetent or otherwise lacks the capacity to file an Application or appeal. A grandparent, great-grandparent, stepparent or person who has maintained a relationship similar to a parent-child relationship may be a Sponsor of a person who is a minor, deceased, incompetent or otherwise lacks the capacity to file an Application or appeal, but only if after six (6) months a parent of a minor person or legal guardian of a person refuses to make an Application. A grandparent, great-grandparent, stepparent or person who has maintained a relationship similar to a parent-child relationship will include a statement with the Application that he or she has attempted for at least the past six (6) months to get the parent or legal guardian to file an Application for Membership and include the address of the parent or legal guardian. Immediately upon receiving an Application from a grandparent, great-grandparent, stepparent or person who has maintained a relationship similar to a parent-child relationship, the Office of Tribal Enrollment will send a copy of the completed Application via certified mail to the parent(s) or legal guardian of the person who is a minor, deceased, incompetent or otherwise lacks the capacity to file an Application. If a person is deceased, an Application may be Sponsored on that person’s behalf by the executor or administrator of the deceased’s estate for the purpose of memorializing Membership only, without conferring any privileges, rights or immunities hereto.
CHILD SUPPORT ENFORCEMENT CODE, 4 HCC § 7
Ch. I—General Provisions and Definitions
Subsec. 2. General. Ho-Chunk Nation parents have a responsibility for caring for their children, bonding with them, making sure they are safe, and providing for all their basic needs. Aunts, uncles, grandparents and other extended family members help parents and their children when they need help by advising the parents in decision-making, showing love to the children, teaching values and respect, and taking over in parents’ absence. Grandparents share with their grandchildren the wisdom of their experiences and traditional values. The Ho-Chunk Nation Trial Court is the most appropriate forum for deciding issues related to the well-being of a child who is a member of a Ho-Chunk Nation family. It is the policy of the Ho-Chunk Nation to consider carefully the circumstances of each family and to treat each family individually.
Subsec. 3. Policy.
a. The Department of Health and Social Services shall implement this Child *267 Support Enforcement Code by establishing a Child Support Enforcement Agency (Agency).
Ch. II—Jurisdiction and Court Procedures
Subsec. 7. Procedures—General.
a. Proceedings under this Code are civil actions and are governed by applicable provisions of the Ho-Chunk Nation Rules of Civil Procedure, except where this Code provides otherwise.
Subsec. 13. Transfer of Jurisdiction.
a. The Agency has the authority to accept electronic transfers of cases from within the State of Wisconsin. The Court has the authority to accept transfers of cases from other courts or governments for proceedings under this Code.
Ch. IV—Child Support
Subsec. 21. Child Support Enforcement Agency. The Agency operates on a child-centered, agreement-based process. The Agency shall perform the following responsibilities:
b. Prepare a recommendation about the child support and health insurance obligation for each ease, using a form developed by the Agency. In making its recommendation, the Agency shall be guided by the Child Support Guidelines (Guidelines) (Section 36) and the Ho-Chunk Nation Child Support Schedule (Schedule) (Section 37). The Agency’s recommendation shall be filed with the petition whenever possible; and
Subsec. 23. Petition for Child Support.
a. Who May File.
(1)A parent may file a petition for establishment of child support under this chapter. The petition shall be prepared on a form approved by the Court. The child support petition may be filed as a separate proceeding or in connection with any of the following petitions.
(a) Divorce or invalidity of marriage.
b. Contents. A petition for establishment of child support shall contain all of the following:
(15) recommendation of the Agency regarding child support and health insurance coverage.
Subsec. 24. Documents and Notice to Child Support Agency. The Court shall provide the Agency with a copy of the petition, response, financial information and all other documents filed in a child support case and it shall provide the Agency with notice of all hearings in a child support case.
Subsec. 25. Initial Child Support Hearing.
i. Conduct of the Hearing.
(2) The Court shall review the documents filed in the case, hear the testimony of each party, and consider any other evidence presented. It shall consider and give great weight to the recommendation of the Agency, if any.
(3) If an Agency staff person is not available, the Court may either base its decision on the Agency’s written recommendation or issue a temporary order and continue the case until the Agency staff is available for a hearing. The temporary order terminates when the final order is entered or when the petition is dismissed.
Subsec. 29. Child Support- Order. The child support order shall include the following.
b. A statement that the Court shall have continuing, exclusive jurisdiction over the welfare of the child, including child support and modification of the order.
*268 Subsec. 31. Modification of Foreign Court Child Support Orders.
a. Ho-Chunk Nation Child Support Orders.
(1) When there has been a substantial change in the income of the paying party or other factors that determined the original child support obligation, a party may request, by motion, modification of a Court child support order.
Subsee. 32. Enforcement of Child Support Orders.
b. Enforcement Hearings.
(3) Agency Recommendation. The Agency shall file a recommendation regarding appropriate enforcement action in every case filed by a parent. In a case filed by the Agency, the recommendation shall be included in the Agency’s motion for the enforcement hearing.
Subsec. 38. Child Support Review Hearings.
a. Purpose. The primary purpose of a child support review hearing is to give the parties and the Court an opportunity to ensure that child support payments are being made as provided in the order. Either party shall the [sic] opportunity to:
(2) Move for modification of the child support order; or
b. Timing. A mandatory Review Hearing shall be scheduled three (3) months after the child support order was issued. Thereafter, Review Hearings shall be scheduled every twelve months after the child support order was issued. The date for the first Review Hearing shall be set by the Court at the time the order is issued and no further notice of that hearing is necessary. The Agency shall notify the Court when it is time to schedule the annual Review Hearing for each case. The Court may order additional Review Hearings if it is necessary.
c.Waiver. Except for the first, mandatory review hearing, a review hearing may be waived if both parties file a request to waive the hearing and the Agency agrees to the waiver.
DIVORCE AND CUSTODY ORDINANCE, 4 HCC§ 9
Subsec. 2. Purpose and Construction. The Ho-Chunk Nation Trial Court is authorized to dissolve a marriage by divorce when the parties are incompatible for any reason when either party is a resident of the Ho-Chunk Nation for at least six (6) months or is a member of the Ho-Chunk Nation who has resided within the state of Wisconsin for at least six (6) months.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
2. Summons—The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
(C) Methods of Service of Process
1. Personal Service. The required papers are delivered to the party in person by the bailiff, or when authorized by the Court, a law enforcement officer from any jurisdiction, or any other person not a party to the action who is eighteen (18) *269 years of age or older and of suitable discretion.
a. Personal Service is required for the initiation of actions in the following:
i. Relief requested is over $6,000.00, excluding the enforcement of foreign child support orders....
e. Service by Mail. Service of process may be accomplished by sending the required papers to a party by registered mail with return receipt requested, except in the instances of Rule 5(C)(l)(a)(i) ... as stated above.
Rule 54. Default Judgment.
(A)General. A Default Judgment may be entered against a party who fails to answer if the party wras personally served in accordance with Rule 5(C)(l)(a)(i) ... or informed through other means of judicially authorized service such as publication or if a party fails to appear at a hearing, conference or trial for which he/she was given proper notice. A Default Judgment shall not award relief different in kind from, or exceed the amount stated in the request for relief. A Default Judgment may be set aside by the Court only upon a timely showing of good cause.
Rule 58. Amendment to or Relief from. Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity that prevented a party from receiving a fair trial or a substantial legal error that affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this Rule, the time for initiating appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating the appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C)Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences upon entry of the modified judgment. If the Court denies a motion filed under this Rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment com- *270 menees in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Re-issuance of Judgment. Clerical errors in a Court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; (2) fraud, misrepresentation or serious misconduct of another party to the action; (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(/ )(a)(i) or (ii), did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 59. Satisfaction of Judgment.
(A) Complete. The person owing money under a judgment must file proof of satisfaction of judgment with the Court stating the amount and date of payment and whether the payment was a full or partial satisfaction of the judgment. The satisfaction must be signed by the person who was owed the money.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the Rules of Appellate Procedure.
FEDERAL RULES OF EVIDENCE
Rule 902. Self-Authentication. Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
(4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority.
FINDINGS OF FACT
1. The plaintiff, Claire R. Billie nee Maisells f/k/a Collins, is an enrolled member of the Ho-Chunk Nation, Tribal ID # 439A003678, and resides at 2137 Boll-mann Dr., Apt. 3C, Sheboygan, WI 53081. Compl. at 2.
2. The defendant, Patrick K. Collins, is an enrolled member of the Mississippi Band of Choctaw Indians, and resides at 1227 W. Dupont, Claremore, OK 74017. Id.
3. On January 19, 2007, the parties obtained a divorce in the Choctaw Tribal Court in which the defendant received primary physical custody of the three (3) marital children “subject to ... reasonable rights of visitation.” In the Matter of the Dissolution of the Marriage of Patrick Kevin Collins & Claire Rose Collins (hereinafter Judgment of Divorce), Case No. DM 181-2006 (Choctaw Tr. Ct., Jan. 19, 2007) at 2.
4. The marital children, Emily R. Collins, DOB 03/05/98; Katelyn G. Collins. DOB 11/06/99; and Devin C. Collins, DOB 09/27/01, are eligible for enrollment with the Ho-Chunk Nation based upon the fact that at least one (1) of the minors’ parents *271 possesses at least one-half (⅛) or more Ho-Chunk blood quantum.[2] Compl at 1-2.
5. Pursuant to the divorce decree, the defendant was ordered “to pay until [sic ] Husband $500.00 per month as child support to be paid by the first day of each month, beginning February 1, 2007 and to continue until the children reach the age of majority or are otherwise emancipated.” J. of Divorce at 3.
6. On July 8, 2010, this Court afforded full faith and credit to a separate judgment issued by the Choctaw Tribal Court, thereby enforcing an order for ongoing child support against the plaintiffs per capita distribution. Order (Enforcing Child Sum), CS 10-18 (HCN Tr. Ct., July 8, 2010). The Choctaw Tribal Court partially modified its Judgment of Divorce, impacting the plaintiffs child support obligation in the following manner: “the Court ... reduce[d] her child support obligation to the sum of $350.00 per month for a period of twelve months. After the expiration of twelve months, or January 1, 2011, the child support obligation with [sic ] reverse[d] to the original $500.00 per month.” Patrick Kevin Collins v. Claire Rose Collins Billie, Case No. DM 181— 2006 (Choctaw Tr. Ct., Dec. 24, 2009) at 8. The plaintiff had sought a modification of physical custody, but the court denied the request due to a failure to “establish that a substantial or material change of circumstances ha[d] occurred since the entry of the original order of custody.” Id. at 3, 8.
7. The Ho-Chunk Nation Supreme Court has not articulated a procedure that the Trial Court should follow in determining whether to accept a discretionary transfer of jurisdiction.[3]
8. The Ho-Chunk Nation Legislature does not address discretionary transfer of jurisdiction within the Divorce & Custody Ordinance, 4 HCC § 9.
9. The Ho-Chunk Nation Department of Social Services has not established a Child Support Enforcement Agency (hereinafter Agency). Child Supp. Enforcement Code, 4 HCC § 7.3a. Consequently, the Court has declined to perform divorces in which the marital couple has minor children, and has consistently alerted the public to this administrative determination. See http://www.ho-chunknation.com/7Page Id=89# divorce (last visited Sept. 10, 2010). The Court correspondingly offers a boilerplate pleading entitled “Petition for Divorce (Without Minor Children).” http:// www.ho-chunknation.eom/U serFiles/ Petition% 20for% 20 Divorce% 2007.pdf (last visited Sept. 10, 2010).
10. The Court has never accepted transfer of a divorce action initiated in another jurisdiction.
11. The Choctaw Tribal Court has not expressed any opinion on the request to transfer.
DECISION
The Court would not grant the request to transfer without first conferring with *272 the original jurisdiction, but the Court has not initiated this conversation since it cannot adequately address the attendant needs of the case. The Ho-Chunk Nation Social Services Department has not implemented tribal child support legislation due to a lack of funding. Child Supp. Enforcement Code, § 7.3a. This status has remained unchanged since the legislation’s adoption on October 19, 2004, prompting the Court to comment upon its webpage as follows:
Can one receive a divorce in Trial Court?
Yes. However, the Trial Court may only grant a divorce to a couple through the filing of a Petition for Divorce (Without Minor Children). See Divorce and Custody Ordinance, 4 HCC § 9. Tribal legislation permits the Trial Court to determine and subsequently modify child support in conjunction with a divorce petition, but under this law the Trial Court must seek the recommendation of the Ho-Chunk Nation Child Support Enforcement Agency, which currently does not exist.
http://www.ho-chunknation.com/?PageId= 89# divorce (citing Child Supp. Enforcement Code, § 7.21, 23a(l)(a), 25i).
While the Court possesses the authority to accept a transfer of a foreign child support case, the continuing inability to perform subsequent child support modifications precludes the assumption of such jurisdiction. Child Supp. Enforcement Code, § 7.13a. The plaintiff has demonstrated an inclination to seek modifications of the Judgment of Divorce, so the Court is not anticipating merely hypothetical situations. Nonetheless, a party maintains the right to request a modification of his or her child support obligation, and the Court must be able to adequately respond to such motions. Id., § 7.29b, 31a(l), 38a(2). The Court cannot presently fulfill this role due to the absence of the Agency upon which it must indispensably rely in child support cases. Therefore, the Court, in its discretion,[4] denies the plaintiffs request to accept transfer of the divorce action.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. /’.], specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees.” HCN *273 R.App. P. 7(b)(1), “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].’’ HCN R. Civ. P. 61.
IT IS SO ORDERED this 13th day of September 2010, by the Ho-Chunk Nation Trial Court located in Black River Falls, Wisconsin within the sovereign lands of the Ho-Chunk Nation.

. The Ho-Chunk Nation Supreme Court adopted the Federal Rules of Evidence for usage in all tribal judicial proceedings. In re Adoption of Fed.R.Evid. (HCN S.Ct., June 5, 1999).

. Regardless, the plaintiff has not obtained the enrollment of her minor children despite possessing the legal authority to do so. Tribal Enrollment & Membership Code, 2 HCC § 7.3dd.

. The Supreme Court possesses the constitutional "power to establish written rules for the Judiciary ..., provided such rules are consistent with the laws of the Ho-Chunk Nation.” Const, of the Ho-Chunk Nation, Art. VII, § 7(b); see also HCN Judiciary Establishment & Org, Act, 1 HCC § i.5c-d (describing such authority as “exclusive”). The Judiciary has determined that “the Ho-Chunk Nation Legislature ... cannot incorporate alternative court procedures within a law ..., thereby bypassing and negating the powers of the Supreme Court.” Bonnie Smith v. HCN Gaming Comm’n, CV 01-02 (HCN Tr. Ct., Feb. 14, 2001) at 7, aff'd, SU 01-02 (HCN S.Ct., May 11, 2001), recons, denied, SU 01-02 (HCN S.Ct., June 15, 2001).

. As expressed by the Ninth Circuit Court of Appeals:
"[DJiscretion” is defined as: "The power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court.” Bou-vier’s Law Dictionary 884 (8th ed.1914). Judicial action—discretionary in that sense— is said to be final and cannot be set aside on appeal except when there is an abuse of discretion.
Delno v. Market St. Ry. Co.. 124 F.2d 965, 967 (9th Cir.1942). In this regard, the Ho-Chunk Nation Supreme Court has adopted the following definition of abuse of discretion: " 'any unreasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to the matter submitted.’ ” Daniel Youngthunder, Sr. v. Jonette Pettibone et at., SU 00-05 (HCN S.Ct., July 28, 2000) at 2 (quoting Black’s Law Dictionary 11 (6th ed.1990)).